OPINION
{¶ 1} On February 21, 2006, the Stark County Grand Jury indicted appellant, James Neace, III, on one count of rape in violation of R.C. 2907.02. Said charge arose from an incident involving appellant's four year old nephew.
 {¶ 2} On March 22, 2006, appellant pled guilty as charged. On March 29, 2006, a sentencing hearing was held as well as a classification hearing to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950. By judgment entries filed April 5, 2006, the trial court sentenced appellant to four years in prison and classified him as a "sexual predator."
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A SEXUAL PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING."
 I {¶ 5} Appellant claims the trial court's classification of "sexual predator" was inconsistent with the "clear and convincing evidence" standard of R.C. 2950.09. We disagree.
 {¶ 6} In State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained inC.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279. We find this to be the applicable standard as the Cook
court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426.
 {¶ 7} R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(3) sets forth the relevant factors a trial court is to consider in making its determination:
 {¶ 8} "(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or a delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 9} "(a) The offender's or delinquent child's age;
 {¶ 10} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 11} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 12} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 13} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 14} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 15} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 16} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 17} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 18} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 19} Appellant argues no evidence was presented of appellant's likelihood to re-offend. While appellant argues in his brief at 3 that "[s]imply proving an offender was convicted of a sex offense does not automatically prove a likelihood to re-offend," the Supreme Court of Ohio has held "it is possible that one sexually oriented conviction alone can support a sexual predator adjudication." State v. Eppinger, 91 Ohio St.3d 158,162, 2001-Ohio-247.
 {¶ 20} In classifying appellant a sexual predator, the trial court sub judice found the following:
 {¶ 21} "That the victim was four years of age and the defendant was 16 years of age at the time of the offense.
 {¶ 22} "That the defendant was in a position of trust as the uncle and babysitter of victim.
 {¶ 23} "The defendant had the victim perform fellatio.
 {¶ 24} "The defendant has not participated in any sex offender treatment programs." Judgment Entry filed April 5, 2006.
 {¶ 25} In affirming a sexual predator classification on a single count of gross sexual imposition involving a four year old girl, our brethren from the Tenth District stated the following:
 {¶ 26} "Related to the court's determination of the likelihood of a defendant committing future sexual offenses, the legislature specifically included the age of the victim of the sexually oriented offense for which defendant was convicted. R.C.2950.09(B)(2)(c). The legislature thus acknowledged, as have a multitude of courts, the overwhelming statistical evidence supporting the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. See,e.g., Kansas v. Hendricks (1997), 521 U.S. 346, 117 S.Ct. 2072,138 L.Ed.2d 501. The age of the victim is probative because it serves as a telling indicator of the depths of offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable." State v. Daniels (February 24, 1998), Franklin App. No. 97APA06-830.
 {¶ 27} Further, appellant took advantage of his position of trust as the victim's uncle and babysitter. In affirming a sexual predator classification on a single count of sexual battery involving the offender's thirteen year old daughter, our brethren from the Tenth District stated the following:
 {¶ 28} "Given that appellant violated deeply ingrained and powerful social prohibitions against both incest and sexual relations with young children, the trial court could properly conclude that appellant's compulsion to commit these kinds of sexual offenses was deeply ingrained and that he was likely to re-offend." State v. Harden (October 29, 1998), Franklin App. No. 98AP-223.
 {¶ 29} In addition, appellant did not participate in any sex offender treatment programs. While defense counsel argued during the classification hearing that appellant "completed a sex offender counseling program at the time that this incident occurred," no evidence was presented to support this statement. T. at 11. Appellant told the investigative social worker for the sex abuse unit with the Stark County Department of Job and Family Services that he had participated in counseling, "but he couldn't recall the name of the counselor and had no record of any investigation ever occurring." T. at 7.
 {¶ 30} Based upon the well-reasoned opinions cited supra, we find the trial court's sexual predator classification is supported by clear and convincing evidence and is not against the manifest weight of the evidence.
 {¶ 31} The sole assignment of error is denied.
 {¶ 32} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, P.J. Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.